1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   MARIA SOTO, et al.,              No.  2:06-cv-01612-MCE-DAD

12            Plaintiffs,             Related with:
                                      2:07-cv-01630-MCE-DAD
13                                    2:07-cv-01934-MCE-DAD
          v.                          2:07-cv-01943-MCE-DAD
14
                                      PRETRIAL (STATUS) SCHEDULING ORDER
15   GREYHOUND LINES, INC., et
     al.,
16
              Defendants.
17   _____/

18        After reviewing the parties' Joint Status Report, the Court

19   makes the following Order.

20        I.   SERVICE OF PROCESS

21        All named Defendants have been served and no further service

22   is permitted without leave of court, good cause having been

23   shown.

24        II.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

25        No joinder of parties or amendments to pleadings is

26   permitted without leave of court, good cause having been shown.

27   ///

28   ///

                                    1

III. <u>JURISDICTION/VENUE</u>

Jurisdiction is predicated upon 28 U.S.C. section 1441(b). Jurisdiction and venue are not contested.

IV. <u>DISCOVERY</u>

All discovery, with the exception of expert discovery, shall be completed by **September 12, 2008.** In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

V. <u>DISCLOSURE OF EXPERT WITNESSES</u>

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **November 12, 2008.**[1] The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

Within twenty (20) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party.

---

[1] The discovery of experts will include whether any motions based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and/or <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) are anticipated.

2

The right to designate a supplemental expert for rebuttal
purposes only shall apply to a party who has not previously
disclosed an expert witness on the date set for expert witness
disclosure by this Scheduling Order.

Failure of a party to comply with the disclosure schedule as
set forth above in all likelihood will preclude that party from
calling the expert witness at the time of trial.  An expert
witness not appearing on the designation will not be permitted to
testify unless the party offering the witness demonstrates:
(a) that the necessity for the witness could not have been
reasonably anticipated at the time the list was proffered;
(b) that the Court and opposing counsel were promptly notified
upon discovery of the witness; and (c) that the witness was
promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any
person who my be used at trial to present evidence under
Rules 702, 703, and 705 of the Federal Rules of Evidence, which
include both "percipient experts" (persons who, because of their
expertise, have rendered expert opinions in the normal course of
their work duties or observations pertinent to the issues in the
case) and "retained experts" (persons specifically designated by
a party to be a testifying expert for the purposes of
litigation).

///
///
///
///
///

1   Each party shall identify whether a disclosed expert is
2   percipient, retained, or both.  It will be assumed that a party
3   designating a retained expert has acquired the express permission
4   of the witness to be so listed.  Parties designating percipient
5   experts must state in the designation who is responsible for
6   arranging the deposition of such persons.

7   All experts designated are to be fully prepared at the time
8   of designation to render an informed opinion, and give their
9   bases for their opinion, so that they will be able to give full
10  and complete testimony at any deposition taken by the opposing
11  party.  Experts will not be permitted to testify at the trial as
12  to any information gathered or evaluated, or opinion formed,
13  after deposition taken subsequent to designation.

14  Counsel are instructed to complete all discovery of expert
15  witnesses in a timely manner in order to comply with the Court's
16  deadline for filing dispositive motions.

17  VI.   <u>MOTION HEARING SCHEDULE</u>

18  All dispositive motions, except motions for continuances,
19  temporary restraining orders or other emergency applications,
20  shall be heard <u>no</u> <u>later</u> <u>than</u> **January 12, 2009.**  The parties are
21  responsible for ensuring that all motions are filed to allow for
22  proper notice of the hearing under the Federal Rules of Civil
23  Procedure and/or Local Rules.  Available hearing dates may be
24  obtained by calling Stephanie Deutsch, Deputy Courtroom Clerk,
25  (916) 930-4207.

26  All purely legal issues are to be resolved by timely
27  pretrial motions.  Local Rule 78-230 governs the calendaring and
28  procedures of civil motions with the following additions:

(a)   The opposition and reply must be filed by
      **4:00 p.m.** on the day due; and

(b)   When the last day for filing an opposition brief
      falls on a legal holiday, the opposition brief
      shall be filed on the last court day immediately
      preceding the legal holiday.

Failure to comply with Local Rule 78-230(c), as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily.   Further, failure to timely oppose a summary judgment motion[2] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.   All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

///

///

///

---

[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 56-260.

5

1   The parties are reminded that a motion in limine is a

2   pretrial procedural device designed to address the admissibility

3   of evidence.  The Court will look with disfavor upon

4   dispositional motions (except those noted on page 3) presented at

5   the Final Pretrial Conference or at trial in the guise of motions

6   in limine.

7        The parties are cautioned that failure to raise a

8   dispositive legal issue that could have been tendered to the

9   court by proper pretrial motion prior to the dispositive motion

10  cut-off date may constitute waiver of such issue.

11       VII. FINAL PRETRIAL CONFERENCE

12       The Final Pretrial Conference is set for **June 12, 2009** at

13  **9:00 a.m.**  At least one of the attorneys who will conduct the

14  trial for each of the parties shall attend the Final Pretrial

15  Conference.  If by reason of illness or other unavoidable

16  circumstance a trial attorney is unable to attend, the attorney

17  who attends in place of the trial attorney shall have equal

18  familiarity with the case and equal authorization to make

19  commitments on behalf of the client.

20       Counsel for all parties are to be fully prepared for trial

21  at the time of the Final Pretrial Conference, with no matters

22  remaining to be accomplished except production of witnesses for

23  oral testimony.

24       The parties shall file, not later than **May 22, 2009,** a Joint

25  Final Pretrial Conference Statement.  The provisions of Local

26  Rules 16-281 shall apply with respect to the matters to be

27  included in the Joint Final Pretrial Conference Statement.

28  ///

In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution.  Failure to comply with Local Rule 16-281, as modified by this Order, may be grounds for sanctions.

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word or WordPerfect, the Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit lists.  **These documents shall be sent to: mceorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

///
///
///
///
///

7

1   Each party shall identify the points of law which concisely
2   describe the legal issues of the trial which will be discussed in
3   the parties' respective trial briefs.  Points of law should
4   reflect issues derived from the core undisputed and disputed
5   facts.  Parties shall not include argument or authorities with
6   any point of law.

7   The parties shall prepare a joint statement of the case in
8   plain concise language which will be read to the jury at the
9   beginning of the trial.  The purpose of the joint statement is to
10  inform the jury what the case is about.

11  The parties are reminded that pursuant to Local Rule 16-281
12  they are required to list in the Joint Final Pretrial Conference
13  Statement all witnesses and exhibits they propose to offer at
14  trial.  After the name of each witness, each party shall provide
15  a brief statement of the nature of the testimony to be proffered.
16  The parties may file a joint list or each party may file separate
17  lists.  These list(s) shall not be contained in the body of the
18  Joint Final Pretrial Conference Statement itself, but shall be
19  attached as separate documents to be used as addenda to the Final
20  Pretrial Order.

21  Plaintiffs' exhibits shall be listed numerically.
22  Defendants' exhibits shall be listed alphabetically.  The parties
23  shall use the standard exhibit stickers provided by the Court:
24  pink for Plaintiff and blue for Defendant.  In the event that the
25  alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and
26  "AAA-ZZZ" etc.  All multi-page exhibits shall be stapled or
27  otherwise fastened together and each page within the exhibit
28  shall be numbered.

The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.  In the event that Plaintiffs' and Defendants' offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Counsel shall produce all trial exhibits to Stephanie Deutsch, the Courtroom Clerk, no later than **3:00 p.m.** on **July 13, 2009.**

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the Joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.

///

A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

VIII. <u>TRIAL SETTING</u>

The trial is set for **July 20, 2009 at 9:00 a.m.**  Trial will be by jury.  The panel will consist of **nine (9) jurors**.  The parties estimate a trial length of **fifteen (15) days**.

IX.  <u>SETTLEMENT CONFERENCE</u>

No settlement conference is currently scheduled.  A settlement conference may be set at the parties' request.  In the event a settlement conference date is requested, the parties shall file said request jointly, in writing.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven (7) calendar days before the settlement conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement.  Such statements are neither to be filed with the Clerk nor served on opposing counsel.  Each party, however, shall serve notice on all other parties that the statement has been submitted.  If the settlement judge is not the trial judge, the Settlement Conference Statement shall not be disclosed to the trial judge.

After the Final Pretrial Conference, the Court will not set a settlement conference.  The parties are free, however, to continue to mediate or attempt to settle the case with the understanding that the trial date is a firm date.

10

1    X.   <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

2        Pursuant to Local Rule 16-271 parties will need to lodge a

3   stipulation and proposed order requesting referral to the

4   Voluntary Dispute Resolution Program.

5    XI.   <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

6        The parties are reminded that pursuant to Rule 16(b) of the

7   Federal Rules of Civil Procedure, the Status (Pretrial

8   Scheduling) Order shall not be modified except by leave of court

9   upon a showing of good cause.  Agreement by the parties pursuant

10  to stipulation alone does not constitute good cause.  Except in

11  extraordinary circumstances, unavailability of witnesses or

12  counsel does not constitute good cause.

13   XII.  <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

14       This Status Order will become final without further order of

15  the Court unless objections are filed within seven (7) *court* days

16  of service of this Order.

17       IT IS SO ORDERED.

18  Dated: May 1, 2008

19

20

21                             MORRISON C. ENGLAND, JR.
                               UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

28