UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SOTO, et al., | No. 2:06-cv-01612-MCE-DAD |
| Plaintiff, | Related with: |
| v. | No. 2:07-cv-01630-MCE-DAD |
| | No. 2:07-cv-01934-MCE-DAD |
| GREYHOUND LINES, INC., TU PHOUC NGUYEN, ENTERPRISE RENT-A-CAR COMPANY, and DOES 1 through 50, inclusive, | No. 2:07-cv-01943-MCE-DAD |
| | ORDER |
| Defendants. | |
| AND CONSOLIDATED ACTIONS. | |

----oo0oo----

On September 3, 2008, Defendants and Cross-Claimants Tu Phouc Nguyen and Enterprise Rent-a-Car Company ("Defendants") filed a Motion seeking leave to file additional cross-claims, or alternatively for leave to amend its answers to state cross-claims in these various consolidated and related proceedings. While Defendants did file a cross-claim within their answer to the lead Soto case, they have not filed any other cross-claims in the other consolidated and/or related proceedings.

1

No opposition has been filed to Defendants' request that they be permitted leave to assert such cross-claims in those other actions.

Federal Rule of Civil Procedure 13(g)[1] permits parties to an action to assert affirmative relief against other parties by way of cross-claim.  "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action.... The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."  Id.  Cross-claims help avoid a multiplicity of lawsuits and inconsistent adjudications on related claims.  Donovan v. Robbins, 588 F. Supp. 1268 (N.D. Ill. 1984).

Because cross-claims should ordinarily be asserted through answer as opposed to a separate pleading (see Rule 7(a), the Court will construe Defendants' Motion as a request to amend their answers in this matter to include cross-claims.  This Court has power to control the adjudication of cross-claims in order to promote the prompt disposition of claims and to prevent unnecessary relitigation.  Glens Falls Indem. Co. v. United States, 229 F.2d 370, 373-74 (9th Cir. 1955).  In addition, Rule 15(a)(2) allows the court to freely grant leave to amend a pleading "when justice so requires."  The Court determines that such leave is appropriate here.

///

---

[1] Further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

2

Defendants are accordingly granted leave of the Court allowing them to file and serve amended answers in these consolidated/related cases setting forth their proposed cross-claim.[2]  Said amended answers shall be filed not later than ten (10) days following the date of this Order.

IT IS SO ORDERED.

Dated: October 27, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument would not be of material assistance, the Court orders this matter submitted on the briefs in accordance with E.D. Local Rule 78-230(h).

3